# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| WESTERN RESERVE MUTUAL CASUALTY COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> REVERSE MORTGAGE SOLUTIONS, INC., WILLIAM COLLINS, and GREENFIELD BANKING COMPANY, <br><br> Defendants. | Case No.: <br><br> Judge: <br><br> Magistrate Judge: <br><br> **Defendants' Notice of Removal of Action** |

PLEASE TAKE NOTICE THAT Defendants REVERSE MORTGAGE SOLUTIONS, INC. ("RMS"), WILLIAM COLLINS, and GREENFIELD BANKING COMPANY ("GBC") (collectively, "Defendants"), without waiving any defenses, including specifically defenses and objections to venue, personal jurisdiction and service, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove Plaintiff's Complaint in the above-styled action from the Court of Common Pleas in Wayne County, Ohio to this Court on the following grounds:

1. On or about March 1, 2017, Plaintiff WESTERN RESERVE MUTUAL CASUALTY COMPANY ("Plaintiff") commenced the above-styled action against Defendants in the Court of Common Pleas in Wayne County, Ohio, Case No. 2017 CVC-H 000097 ("State Court Action"). Defendants were served with a copy of the Summons and Complaint on or about March 6, 2017. A copy of the complete file obtained from the Court of Common Pleas in Wayne County, Ohio, which reflects the foregoing, is attached to this Notice as composite **Exhibit A**.

2. This Court has federal diversity jurisdiction over this action as set forth in 28 U.S.C. § 1332. Federal diversity jurisdiction requires that the amount in controversy equal or exceed $75,000 and that the parties be citizens of different states. 28 U.S.C. § 1332.

3. All Defendants, by and through their respective counsel, consent to the removal of this action. Copies of Defendant Collins' and Defendant Greenfield Banking Company's notices of consent to removal are attached to this Notice as **Exhibit B** and **Exhibit C**, respectively.

## DIVERSITY OF CITIZENSHIP

4. Plaintiff avers that it is an Ohio corporation duly registered and validly existing under the laws of the State of Ohio and having its principal offices located within Wayne County, Ohio. (*See* Ex. A, Complaint ("Compl.") ¶ 1.) Accordingly, for jurisdictional purposes, Plaintiff is a citizen of Ohio. 28 U.S.C. § 1332(c)(1).

5. Defendant RMS is a Delaware corporation having its principal place of business in Texas. Accordingly, RMS is a citizen of Delaware and Texas.

6. Defendant William Collins is an individual citizen of Indiana.

7. Defendant GBC is an Indiana corporation having its principal place of business in Indiana. Accordingly, GBC is a citizen of Indiana.

8. Therefore, because Plaintiff is a citizen of Ohio, and Defendants are citizens of Delaware, Texas, and Indiana, complete diversity exists between the parties for purposes of federal diversity jurisdiction.

## AMOUNT IN CONTROVERSY

9. Plaintiff's claims arise out of a check it issued in the amount of $76,888.11. (Compl. ¶ 13.) According to the complaint, the check was made payable to both Defendant Collins and Defendant RMS. (*Id.* at ¶¶ 13, 15.) However, according to the complaint, Defendant GBC

accepted the check and paid Defendant Collins despite the fact that the check was not endorsed by Defendant RMS. (*Id.* ¶ 16.) Plaintiff asserts a claim against Defendant Collins for unjust enrichment, seeking restitution of the full $76,888.11 (Count III). (*Id.* ¶ 45.) Plaintiff also asserts claims against both Defendant GBC and Defendant Collins for indemnity, or in the alternative, contribution, for any portion of the $76,888.11 due and owing to Defendant RMS (Counts II, IV). (*Id.* ¶¶ 39-40, 52-53.) Finally, Plaintiff asserts a claim for declaratory judgment against all parties, seeking an order declaring the Parties' respective rights, duties and obligations in relation to the $76,888.11 check (Count I). (*Id.* ¶¶ 21-30.)

10. The amount in controversy in this case therefore exceeds the jurisdictional requirement. 28 U.S.C. § 1332; *see also, e.g.*, *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory . . . relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."). Accordingly, this Court has diversity jurisdiction over Plaintiff's claims in this case, and this action is properly removed to this Court. 28 U.S.C. § 1446(a).

11. In accordance with 28 U.S.C. § 1446(d), the undersigned certifies that he simultaneously has filed a copy of the foregoing Notice of Removal with the Clerk of the Court of Common Pleas in Wayne County, Ohio.

Respectfully submitted, this 31st day of March, 2017.

    /s/ *Michael J. Zbiegien, Jr.*
Michael J. Zbiegien, Jr. (0078352)
mzbiegien@taftlaw.com
Taft Stettinius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, Ohio 44114-2302
Tel: (216) 241-2838
Fax: (216) 241-3707

*Counsel for Defendant Reverse Mortgage Solutions, Inc.*

4

## **CERTIFICATE OF SERVICE**

This certifies that I have this day electronically filed the foregoing DEFENDANTS' NOTICE OF REMOVAL OF ACTION with the Court, with notice of same being served on all attorneys of record by U.S. Mail and e-mail:

John G. Farnan
jfarnan@westonhurd.com
Monica L. Frantz
mfrantz@westonhurd.com
Scott J. Orrille
sorille@westonhurd.com
WESTON HURD, LLP
The Galleria & Towers at Erieview
1301 East Ninth Street, Suite 1900
Cleveland, OH 44114

David L. Jarrett
Dave_jarrett@wrg-ins.com
Weston Reserve Group
1685 Cleveland Road
Wooster, OH 44691-0036

*Counsel for Plaintiff*

John M. Hands
jhands@ulmer.com
Paul J. Cosgrove
pcosgrove@ulmer.com
ULMER & BERNE LLP
600 Vine Street
Suite 2800
Cincinnati, OH 45202-2409

*Counsel for Defendant Greenfield Banking Company*

Mike Norris
mnorris@mikenorrislaw.com
Mike Norris & Associates, P.C.
3802 W. 96th Street, Suite 110
Indianapolis, IN 46268

*Counsel for Defendant William Collins*

Dated:  March 31, 2017.

    /s/ *Michael J. Zbiegien, Jr.*
    Michael J. Zbiegien, Jr.